**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1978-18T1

HIGHLAND CAPITAL CORP.,

     Plaintiff-Respondent,

v.

SASSAN KAFAYI, DDS, a
Professional Corporation, and
SASSAN KAFAYI,

     Defendants-Appellants.

_____

Argued February 4, 2020 – Decided February 26, 2020

Before Judges Yannotti and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-4094-17.

Philip Louis Guarino argued the cause for appellants (Guarino & Co. Law Firm, LLC, attorneys; Philip Louis Guarino, on the briefs).

Robert L. Hornby argued the cause for respondent (Chiesa Shahinian & Giantomasi, PC, attorneys; Robert L. Hornby, Elisa Marie Pagano, and Brigitte M. Gladis, on the brief).

PER CURIAM

Defendants Sassan Kafayi and his dental practice, Sassan Kafayi D.D.S., appeal from the January 16, 2019 amended Law Division order granting summary judgment in favor of plaintiff Highland Capital Corp. (Highland), a commercial lender which financed dental equipment purchased by defendants. The order awarded Highland $164,964.04, plus attorney's fees and costs, for defendants' breach of the parties' financing agreement. We affirm.

I

On October 20, 2016, defendant purchased two pieces of dental equipment from Henry Schein Dental: I-CAT and TRIOS (the equipment). Defendant sought to finance the purchase of the equipment through Highland. On October 13, 2016, Highland and defendants executed an "Equipment Finance Agreement" (the finance agreement), whereby defendants financed the purchase of, and granted Highland a security interest in, the equipment. The finance agreement listed Dr. Kafayi's professional corporation as the customer and Henry Schein Dental as the "equipment supplier." It required defendants to pay eighty-four monthly installments of $2,271.92.

The relevant paragraphs contained in the finance agreement provide:

> AGREEMENT: We agree to finance for you and you agree to finance from us the equipment described herein.

2

You promise to pay us the payments as shown above. The parties intend this Agreement to be a Finance Lease under Article 2A of the Uniform Commercial Code [(UCC)] THIS AGREEMENT IS NOT CANCELABLE.

. . . .

Customer's obligation shall be absolute and unconditional without any abatement, set-off, defense or claim for any reason.[1]

. . . .

NO WARRANTIES: We are financing the Equipment for you "AS IS." WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE. We transfer to you for the term of this Agreement any warranties made by manufacturer or supplier to us. NEITHER SUPPLIER NOR ANY AGENT OF SUPPLIER IS AN AGENT OF LENDER OR IS AUTHORIZED TO WAIVE OR MODIFY ANY TERM OR CONDITION OF THIS AGREEMENT. All of your obligations to make software license payments shall be absolute and unconditional regardless of any breach by the licensor.

. . . .

OWNERSHIP: We have title to the Equipment until such time that all obligations are satisfied hereunder. If this Agreement is deemed to be a security agreement, you grant us a security interest in the Equipment and all proceeds therefrom. You hereby authorize us to file UCC Financing Statements, to sign such statements, grant us the

---

[1] The parties and the court refer to this clause as a "hell-or-high-water" clause.

A-1978-18T1

right to execute your name thereto and agree to pay for
such filings.

The finance agreement also contained a continuing guaranty, whereby Dr. Kafayi personally guaranteed the obligations of his professional corporation.

On January 13, 2017, upon delivery and installation of the equipment, Highland and defendants executed a second form entitled, "Acknowledgement & Acceptance of Delivery By Borrower." Defendants acknowledged they agreed "that any rights we may have against the supplier or manufacturer of the equipment will not be asserted as a counterclaim or defense against Lender." Defendants further authorized Highland "to make payment to the supplier(s) of the equipment . . . ."

Defendants immediately began making untimely payments, eventually failing to make payments altogether. As a result, on September 12, 2017, Highland referred the account for collection to its outside counsel, who sent defendants a demand letter on September 19, 2017.

In response, Dr. Kafayi contacted Highland to discuss the collection of past due amounts and arrange a payment plan going forward. Dr. Kafayi asserted that he and Ross Juliano, an assistant vice president with Highland, came to an agreement whereby Highland would forbear on collecting past due amounts and, going forward, accept payments on the first and fifteenth of each month. Highland certified no such agreement was reached. The record reflects, in a September 29, 2017 email

discussing defendant's arrears, that Juliano told Dr. Kafayi to begin thinking "about how we will catch this up and what payment plan [he] would agree to . . . ."

On October 3, 2017, Highland attempted to repossess the equipment, without success. Dr. Kafayi refused to allow the repossession of the equipment, which remains at his dental practice.

On December 18, 2017, Align Technology, Inc., the makers of "Invisalign,"[2] notified defendants that scans made using TRIOS – one of the two pieces of equipment defendant financed through Highland – would no longer be accepted for "Invisalign treatment" due to an ongoing patent infringement lawsuit.

That same day, Highland filed a three-count complaint against defendants in the Law Division, alleging breach of the finance agreement, conversion of the equipment, and unjust enrichment. On March 23, 2018, defendants answered the complaint, asserting fourteen separate defenses and an eleven-count counterclaim. Among other claims, defendants asserted that Highland breached its implied warranties, alleging that Highland was the actual seller of the equipment; fraudulently induced the finance agreement; and defamed and damaged defendants' business reputation. By the close of discovery, defendants failed to serve any

---

[2] Invisalign, an orthodontic product, is a clear aligner system used for straightening teeth through a series of custom-made aligners.

discovery requests upon Highland, nor did they respond to discovery requests served by Highland. On October 12, 2018, Highland filed the motion for summary judgment under review.

On November 30, 2018, the motion court heard oral argument and then delivered an oral opinion granting Highland's motion. The court found the transaction at issue constituted a three-party secured commercial transaction governed by Article 9 of the UCC; that Highland is a lender and "in no way, shape or manner, a seller of the equipment [nor] held [itself] out to be." As a result, the court held that defendants' claims concerning problems with the equipment are against the seller of the equipment, Henry Shine Dental, not against Highland.

Although the motion court noted Article 9 of the UCC "does not impute certain protections to a third-party lender by statute like Article 2A does to a lessor in a true lease transaction," it found Highland was afforded such protections under the "hell-or-high-water" clause contained in the finance agreement. The court further noted, the "unconditional promise to make payments and not assert a defense to payments is valid under New Jersey Law. The courts have acknowledged that the enforcement of a hell-or-high-water provision is essential to the equipment leasing industry." Accordingly, the court found defendants "absolutely barred from raising

A-1978-18T1

the defenses and counter-claims" asserted against Highland because the clause is unambiguously set forth in the finance agreement.

Regarding defendants' fraudulent inducement claim, the motion court found the finance agreement contained a clear, express provision, "in all capital letters, stating that [Highland] makes no warranties about the equipment." Further, absent the warranty provision, the court noted defendants admitted that neither party had knowledge of any potential infringement issues at the time they executed the finance agreement.

As to the parties' purported forbearance agreement, the motion court found the agreement as alleged by defendants unenforceable under New Jersey's Statute of Frauds, N.J.S.A. 25:1-5f. The court also found defendants' defamation and commercial disparagement claims meritless, as Highland properly exercised both its contractual and statutory rights. N.J.S.A. 12A:9-609.

After stating its findings and conclusions of law, the motion court granted summary judgment in favor of Highland and against defendants, and dismissed their answer, affirmative defenses and counterclaims with prejudice. On November 30, 2018, the court entered an order for summary judgment against defendants, jointly and severally, for $164,964.04, plus attorney's fees in the amount of $11,075.04, for a total of $176,389.29. It also awarded Highland immediate and permanent title and

A-1978-18T1

possession of the equipment.  On January 16, 2019, the motion court entered an amended order, awarding Highland additional attorney's fees and costs of $13,698.80, which increased the total amount awarded to $189,738.09.

On appeal, defendants argue the motion court erred by failing to recognize the validity of the alleged oral debt forbearance agreement, which Highland purportedly breached.  Defendants also contend the court erred by finding Highland was solely a financier or lender and that defendants' remedies lie elsewhere.

Defendants further argue the provision of the finance agreement that essentially requires them to pay the amounts due come "hell-or-high-water" does not bar their defenses and claims, claiming Highland fraudulently induced defendants' execution of the finance agreement.  Accordingly, they contend Highland is not entitled to possession of the equipment or a money judgment.

II

We review a decision granting summary judgment de novo, using the same standard the motion court applied.  Townsend v. Pierre, 221 N.J. 36, 59 (2015) (citing Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014)).  We will affirm a court's grant of summary judgment if the record establishes there is "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  R. 4:46-2(c).

8

"An issue of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Grande v. Saint Clare's Health Sys., 230 N.J. 1, 23-24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). "If there exists a single, unavoidable resolution of the alleged disputed issue of fact, that issue should be considered insufficient to constitute a 'genuine' issue of material fact for purposes of Rule 4:46-2." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Defendants' contentions on appeal are entirely without merit. The finance agreement is just that – a finance agreement. It clearly and unambiguously states that Highland made no warranties, express or implied, regarding the merchantability of the equipment or its fitness for a particular purpose.

The finance agreement defendants executed falls under the purview of Article 9 of the UCC. Article 2 of the UCC applies to "transactions in goods" and does not apply "to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction . . . ." N.J.S.A. 12A:2-102. A transaction, "regardless of its form, that creates a security interest in personal property or fixtures by contract" is a secured transaction and is instead

A-1978-18T1

subject to Article 9 of the UCC. N.J.S.A. 12A:9-109. A security interest is an interest in property which "secures payment or performance of an obligation." N.J.S.A. 12A:1-201(35). Whether title of the secured collateral is in the secured party or the debtor is immaterial. N.J.S.A. 12A:9-202.

Consequently, the alleged breach of warranties is not a defense to Highland's claims under the finance agreement. As the motion court correctly found, defendants' obligation to make the payments required under the clear, express terms of the finance agreement is unconditional. Furthermore, the record is devoid of any evidence supporting defendants' claim that Highland fraudulently induced them into entering into the finance agreement.

In addition, defendants' claim that Highland entered into, and was bound by, an oral forbearance agreement fails because the alleged oral agreement cannot vary the clear and unambiguous terms of the written financing agreement. N.J.S.A. 25:1-5f. Further, the record contains no evidence, even if the oral agreement were not subject to a writing requirement, that defendants suffered an injustice requiring an equitable solution. See Mazza v. Scoleri, 304 N.J. Super. 555, 560 (App. Div. 1997).

Any arguments not specifically addressed lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10